**James Raymond ACRES,
Plaintiff-Appellant,**

v.

**BLUE LAKE RANCHERIA; et
al., Defendants-Appellees.**

No. 17-15502

United States Court of Appeals,
Ninth Circuit.

Submitted June 26, 2017 *

Filed June 30, 2017

James Raymond Acres, Pro Se

Megan Yarnall, Janssen Malloy LLP,
Eureka, CA, for Defendant-Appellee Blue
Lake Rancheria

Lester John Marston, Rapport and Marston, Ukiah, CA, for Defendant-Appellee
Tribal Court

Lester John Marston, Pro Se

Before: PAEZ, BEA, and MURGUIA,
Circuit Judges.

## MEMORANDUM **

James Raymond Acres appeals pro se
from the district court's order dismissing
his action for failure to exhaust tribal court
remedies. We have jurisdiction under 28
U.S.C. § 1291. We review de novo. *Slep-Tone Entm't Corp. v. Wired for Sound
Karaoke & DJ Servs., LLC*, 845 F.3d 1246,
1248 (9th Cir. 2017) (motion to dismiss);

*Boozer v. Wilder*, 381 F.3d 931, 934 (9th
Cir. 2004) (exhaustion of tribal court remedies). We affirm.

The district court properly dismissed
Acres's action because Acres did not exhaust tribal court remedies and failed to
demonstrate that exhaustion was excused.
*See Grand Canyon Skywalk Dev., LLC v.
'Sa' Nyu Wa Inc.*, 715 F.3d 1196, 1200-01
(9th Cir. 2013) (a federal court may not
make a ruling on tribal court jurisdiction
until tribal court remedies are exhausted
and "a tribal court . . . must have acted in
bad faith for exhaustion to be excused").

We do not consider arguments and allegations raised for the first time on appeal
or in the reply brief. *See Padgett v.
Wright*, 587 F.3d 983, 985 n.2 (9th Cir.
2009).

Acres's motion to take judicial notice
(Docket Entry No. 21) is denied.

**AFFIRMED.**

---

\* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R. App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.